106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred HODGES, Plaintiff-Appellant,
v.
John S. WILDER; Jimmy Naifeh; State of Tennessee,
Defendants-Appellees.
 No. 95-6712.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Fred Hodges, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hodges sued the Speaker of the Tennessee Senate, the Speaker of the Tennessee House of Representatives, the entire Tennessee legislature, and the State of Tennessee contending that the legislature has not passed a legal sentencing law since the state's last constitutional convention in 1870. He also alleged that all the sentencing laws passed between 1970 and 1995 are illegal as they violate the Ex Post Facto Clause of the United States Constitution. Finally, Hodges states that he was denied sentence reduction credits.
 
 
 3
 The district court noted that Hodges's complaint challenged the length and legality of his confinement. Therefore, Hodges's arguments could only be addressed in a habeas action. As there was no evidence that Hodges had exhausted his state court remedies, the district court concluded that it would be inappropriate for the court to treat the complaint as a habeas petition.
 
 
 4
 In his timely appeal, Hodges continues to argue the merits of his complaint. Hodges has also made several motions for mandamus relief, for a default judgment, and for judicial notice.
 
 
 5
 The district court dismissed the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). This court's review of the dismissal of a complaint under Rule 12(b)(6) is de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court properly granted the defendants' motion to dismiss because it appears beyond doubt that Hodges could prove no set of facts which would entitled him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 6
 Hodges essentially challenges the legality and length of his confinement. A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would render his conviction or sentence invalid, until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Hodges has presented no evidence that his confinement has been remedied by any of the aforementioned procedures. Thus, the district court properly dismissed the complaint.
 
 
 7
 Accordingly, we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.